FILED

98 APR 23 PM 4: 19

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MILAN EXPRESS, INC., )
)
    Plaintiff )
) CIVIL ACTION NO.
v. )
) CV 95-AR-2721-S
AVERITT EXPRESS, INC., ET )
AL., )
)
    Defendants )

ENTERED

APR 23 1998

## MEMORANDUM OPINION

    The court has under consideration a renewed motion for summary judgment pursuant to Rule 56, F.R.Civ.P., filed on March 3, 1998, by defendants, Averitt Express, Inc. ("Averitt") and United States Fidelity and Guaranty Company ("USF&G").  This motion has been throughly briefed and orally argued.  Because the case was set for jury trial on this date, it was necessary for the court to spend a considerable amount of time studying the motion in order to give the parties a fairly considered response to it.  Further complicating the matter were defendants' recently filed motions in limine, seeking to preclude testimony of proposed expert witnesses to be offered by plaintiff, Milan Express, Inc. ("Milan"), in its effort to prove its that substantial damages were occasioned by the actions by Averitt's about which Milan complains.

    The court finds that defendants' renewed Rule 56 motion is not without substantial merit, particularly insofar as addressed to Milan's claim upon the $50,000 preliminary injunction bond required by Judge Clemon, the liability under which was triggered, if at

all, by the dissolution of Judge Clemon's preliminary injunction in the wake of the opinion by the Eleventh Circuit in *North Alabama Express, Inc. v. Interstate Commerce Commission,* 971 F.2d 661 (11th Cir. 1992), *rehearing denied*, 996 F.2d 1072 (11th Cir. 1993), in which the Eleventh Circuit found that the ICC, at the instance of Averitt, engaged in a "sham." Does permission by the Interstate Commerce Commission, even if a "sham," protect the permittee? As this court sees it, Milan's main problem in suing Averitt and USF&G on the injunction bond is in proving that complying with the <u>express terms</u> of what turned out to be an erroneous injunction proximately caused Milan monetary loss. Milan's separately alleged federal common law tort claim is novel. It appears to this court that the Eleventh Circuit has provided enough aid and comfort to Milan to encourage this court to repeat what it earlier decided and to deny Averitt's motion for summary judgment. This decision makes it unnecessary for the court to rule upon Averitt's motions in limine, which do not figure in the court's current decision. As an aside, this court ventures to say that its present ruling should not be construed as a commitment or a prediction as to how much, if any, of Milan's proposed expert testimony will be allowed if and when the case goes to trial.

Because the question of whether genuine issues of material fact actually exist are close questions, particularly under the theories upon which Milan depends, and because if this court should be incorrect and should be granting the Rule 56 motion instead of denying it, the case would be concluded, defendants have reasonably

and logically requested the court to enter a 42 U.S.C. § 1292(b) certification. The court thoroughly agrees with defendants' request and says without hesitation that if there is such a thing as a case designed for § 1292(b) certification, this is the case. Therefore, by separate order the court will not only deny defendants' Rule 56 motion but will make the appropriate § 1292(b) finding.

DONE this 23rd day of April, 1998.

```
                              /s/ William M. Acker, Jr.
                              WILLIAM M. ACKER, JR.
                              UNITED STATES DISTRICT JUDGE
```