IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MILAN EXPRESS, INC., | ) |
| Plaintiff | ) ) ) |
| v. | ) CIVIL ACTION NO. ) |
| AVERITT EXPRESS, INC., ET AL., | ) CV 95-AR-2721-S ) ) |
| Defendants | ) ) |



**ENTERED**

**OCT 2 8 1998**

## MEMORANDUM OPINION

The court has before it two motions, one by defendants, Averitt Express, Inc. ("Averitt") and United States Fidelity and Guaranty Company ("USF&G"), and one by plaintiff, Milan Express, Inc. ("Milan"). Pursuant to Rule 50(b), F.R.Civ.P., Averitt and USF&G move for judgment n.o.v. and, in the alternative, for a new trial. Milan moves for an addition to its present judgment against Averitt to represent an award of attorneys' fees as a element of its damage claim.

In their Rule 50(b) motion, defendants do not question this court's subject matter jurisdiction. Perhaps this is because they did not file a motion under Rule 12(b)(1), F.R.Civ.P., in 1995 before they answered the complaint, and because they raised no question about jurisdiction at the pre-trial conference in 1997 while this court signed a pre-trial order that contained the following erroneous jurisdictional recitation prepared by

1

plaintiff:

> Subject matter jurisdiction exists under Rule 65(c), Federal Rules of Civil Procedure since this action arises out of litigation which was found to be within the jurisdiction of this court under the Interstate Commerce Act. Also, plaintiff contends jurisdiction continues under the Interstate Commerce Act, specifically 49 U.S.C. § 11708.

In defendants' Statement of Position in same the pre-trial order, Averitt did manage to say:

> Averitt avers that under 49 U.S.C. § 11708, there can be no showing of a "clear violation" of federal law by Averitt, and accordingly, Milan cannot recover.

This language, however, cannot be understood to be a challenge to jurisdiction. It sounds like a defense on the merits. Defendants' oral motions for judgment as a matter of law submitted pursuant to Rule 50(a), F.R.Civ.P., at the conclusion of Milan's case-in-chief and at the close of the evidence, made no mention of jurisdiction. Jurisdiction was never discussed. The court was not asked by either side to employ the language of § 11708 in its jury charge, and the court did not do so. No party voiced objection to the jury charge in which the court made no use whatsoever of § 11708 or of the language in any of the code sections to which § 11708 referred. Lastly, as previously stated, defendants' current motion for judgment n.o.v. does not assert any lack of jurisdiction in this court. Defendants have been just as deeply asleep on the jurisdictional question as the court has been.

The jurisdiction of this court was originally invoked by Milan

2

on October 23, 1995, by Milan's assertion in its complaint that federal question jurisdiction exists because defendant Averitt violated 49 U.S.C. § 11708, a statute that shortly thereafter disappeared from the books. When this action was filed, § 11708 was in full force and effect and provided in pertinent part:

> (a) If a person provides transportation by motor vehicle or service of a household goods freight forwarder in clear violation of sections 10921-10924, 10927, 10930, 10932, or 11323 of this title, a person injured by the transportation or service may bring a civil action to enforce any such section.

The court has now, for the first time, carefully read §§ 10921-10924, 10927, 10930-10932, and 11323, as they appeared in the United States Code both on October 23, 1995, when the complaint was filed, and at all times pertinent prior thereto, and cannot find anything which Averitt is alleged to have done or which was supported by evidence at trial, that arguably constituted a "clear violation," of any of these code sections or which would call for this action as a means to "enforce any such section." Section 11708 was never intended as a vehicle for making the kinds of claims here made by Milan against Averitt and USF&G.

The attempt to confer jurisdiction on this court by reference in the pre-trial order to Rule 65(c), F.R.Civ.P., can only be explained as a fond hope by Milan that when, on September 17, 1993, Judge Clemon dismissed Averitt's action against the Alabama Public Service Commission (Civil Action No. 91-C-2294-S) and dissolved his preliminary injunction "without prejudice to the claim of

3

intervenors [Milan] against the preliminary injunction bond posted by plaintiffs [Averitt]," and then said "Intervenors may assert these claims in a separate action," he was somehow retaining some sort of quasi-jurisdiction for this court, something he could not do, and did not do, after he declined to entertain Milan's motion for a "monetary award of damages based on the loss of revenue and economic damage suffered by Milan Express, Inc., as a result of the wrongfully issued restraining order which allowed Averitt Express, Inc., to operate as an Alabama intrastate carrier from December 19, 1991, to the present." Judge Clemon clearly contemplated that any further pursuit of Averitt and/or USF&G by Milan must be in a court of competent jurisdiction.

Rule 12(h)(3), F.R.Civ.P., provides:

> Whenever it appears by suggestion of the parties <u>or otherwise</u> that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

This rule is consistent with, and a reflection of, the well-understood concept that federal courts are courts of limited jurisdiction. The Supreme Court has expressed this principle many times, but perhaps best and most succinctly in *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18, 71 S. Ct. 534 (1951):

> The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties.

This court would probably never have seen the fatal jurisdictional defect in this case if Milan had not invoked 49

U.S.C. § 11708(c) as a basis for a post-verdict award of attorney's fees. Only upon looking carefully for the first time at § 11708 (recodified as 49 U.S.C. § 14707) did this court realize that subject matter jurisdiction has been lacking from the moment the complaint was filed. The court regrets that it did not do its usual "picky" jurisdictional self-examination and apologizes to the parties, to the Eleventh Circuit (which declined an interlocutory appeal under 28 U.S.C. § 1292(b)), and to the jurors for not having done what this court has always prided itself in. This court is not competent, using both definitions of "competency." There has been an inexcusable waste of time and resources from the filing of the original complaint on October 23, 1995, until the recent jury verdict in favor of Milan in the amount of $1,920,521.21. This verdict perhaps could be justified on the merits, but it cannot withstand this belated jurisdictional scrutiny.

If, after the judgment is vacated and the action dismissed without prejudice, Milan can succeed in convincing the Eleventh Circuit that subject matter jurisdiction does indeed exist, then, and only then, it will be necessary to deal with the merits of defendants' motions for judgment n.o.v. and, in the alternative, for a new trial, and with the merits of plaintiff's motion for attorney's fees. Unless and until Milan succeeds on appeal in establishing jurisdiction in this court, its hard-won $1,920,521.21 judgment has evaporated. This court regrets the result for more

reasons than that the Eleventh Circuit, as well as the jury, agreed with Milan that Averitt's legal maneuverings in obtaining intrastate access to Alabama's highways constituted a "sham." Unfortunately, this court's jurisdiction was illusory, if not a sham.

DONE this 28th day of October, 1998.

/s/ William M. Acker, Jr.
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE