IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MILAN EXPRESS, INC.,        }
                            }
    Plaintiff               }
                            }     CIVIL ACTION NO.
    vs.                     }
                            }     95-AR-2721-S
AVERITT EXPRESS, INC., ET   }
AL.,                        }
                            }
    Defendants              }

**FILED 98 NOV 20 PM 12:20 U.S. DISTRICT COURT N.D. OF ALABAMA**

**ENTERED NOV 2 0 1998**

### MEMORANDUM OPINION

The court has for consideration the motion of Milan Express, Inc. ("Milan"), plaintiff in the above-styled cause, to alter or amend the judgment entered on October 28, 1998. In response to plaintiff's said motion, defendants, Averitt Express, Inc. ("Averitt") and United States Fidelity & Guaranty Company ("USF&G"), on November 18, 1998, submitted a letter brief which the Clerk is hereby directed to file. The Clerk is also directed to file Milan's letter brief of October 29, 1998.

Milan points to 28 U.S.C. § 1352 as a basis for subject matter jurisdiction. This esoteric statute, of which this court was blissfully unaware on October 28, 1998, was not invoked in the pre-trial order, but the court is willing to give Milan the benefit of 28 U.S.C. § 1352 as a basis for jurisdiction, the court finding that the said statute did suffice to confer jurisdiction on this court for the limited purpose of allowing Milan to sue Averitt and

USF&G on the $50,000 preliminary injunction bond. In other words, plaintiff's claim was and is capped at $50,000 in this court.

Finding that there was ample evidence upon which the jury could find, as it did, that Milan suffered $50,000 or more in damages as a proximate consequence of the erroneous injunction, the court will by separate order vacate the judgment of October 28, 1998 to the extent that it sets aside the $50,000 verdict against Averitt and USF&G, and reinstate the judgment on the verdict to that extent. In all other respects, Milan's present motion will be denied.

DONE this 20th day of November, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE