FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN' DIVISION

00 MAY 31

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MILAN EXPRESS, INC., } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | |
| } | 95-AR-2721-S |
| AVERITT EXPRESS, INC., et } | |
| al., } | |
| } | |
| Defendants. } | |

ENTERED
MAY 31 2000

**MEMORANDUM OPINION**

This case is before the court on remand from the Eleventh Circuit, which held (1) that this court was correct in finding that it had jurisdiction over the claim made by plaintiff, Milan Express, Inc. ("Milan"), on a $50,000 injunction bond executed by defendant, Averitt Express, Inc. ("Averitt"), as principal, and United States Fidelity & Guaranty Company ("USF&G"), as surety; (2) that this court was incorrect in finding that the said claim was triable by jury; and (3) that this court was incorrect in finding that it could not assume supplementary jurisdiction over Milan's other claim, namely, its tort claim for damages beyond the amount of the injunction bond.

If this court ever had any doubt about whether Averitt wrongfully obtained the preliminary injunction as to which USF&G acted as surety on the bond, the Eleventh Circuit has greatly assisted in removing that doubt. The Eleventh Circuit clearly

1



reaffirmed its earlier holding in *North Alabama Express, Inc. v. I.C.C.*, 62 F.3d 361 (11th Cir. 1995), that the injunction was wrongfully obtained by Averitt. It is an easy jump from this core fact, now independently found by this court to be true, to a finding that the damage sustained by Milan as a proximate consequence of the said erroneously obtained injunction, exceeded the amount of the injunction bond. Considering the overall equities of the case, the court now exercises its discretion and independently determines that Milan is entitled to recover on the injunction bond. It follows that as to the suit on the injunction bond itself, Milan is entitled to the full amount of the bond, namely, $50,000.

The question of this court's supplemental jurisdiction over the damage claim beyond the amount of bond is a more perplexing question. The Eleventh Circuit was entirely correct, of course, in concluding that this court's failure to address the question of its supplemental jurisdiction under 28 U.S.C. § 1367(a) was an oversight. Averitt misread this court if it argued to the Eleventh Circuit that this court consciously declined to exercise supplementary jurisdiction over the tort claim. In light of the Eleventh Circuit's opinion, this court was clearly in error when it decided that it lacked jurisdiction over the claim of damages beyond the amount covered by the bond. The Eleventh Circuit has now corrected this court's mistake and has called upon this court

to decide whether or not to exercise its admitted supplemental jurisdiction.

In deciding *de novo* whether to assume jurisdiction over Milan's excess damages claim, the court must evaluate the possible reasons recognized by 28 U.S.C. § 1367(c), for declining such jurisdiction. Averitt urges upon the court the existence of two of the factors enumerated in § 1367(c), as reasons for declining jurisdiction: first, that the excess damages claim predominates over the bond claim; and, second, that it presents novel and complex issues of Alabama law. Why Averitt does not invoke § 1367(c)(3), and argue that "the district court has dismissed all claims over which it has original jurisdiction," is inconsistent with Averitt's insistence that this court **must** dismiss the bond claim over which it admittedly had original jurisdiction. If this court had acted as Averitt says it expected the court to act, Averitt's best argument for a refusal to exercise supplemental jurisdiction would have been easily provided by § 1367(c)(3). In any event, this court finds neither that the excess damages claim involves complex issues of Alabama law, nor that it predominates over the bond claim. Furthermore, even if both of these factors were present, they would only provide **reasons** for declining supplemental jurisdiction and would not **mandate** such a declination. The operative word in § 1367(c) is "may."

A long period of time has elapsed since the trial of this

3

case. This court has had to read the trial transcript to refresh its recollection of the evidence. From that reading, the court can discern no reason to retry the issue that has already been fully tried to a jury. Having decided to exercise supplemental jurisdiction over the excess damages claim, the court decides not to ignore the jury verdict which this court erroneously set aside earlier. The Eleventh Circuit did not suggest, much less hold, that supplemental jurisdiction over a tort claim arising out of a claim that is equitable in nature automatically itself becomes an equitable claim and thus not subject to trial by jury. If Milan assumes that its excess damages claim is for the bench only, it is incorrect. When the Supreme Court of Alabama said in *Ex parte Waterjet Systems, Inc.*, ___ So 2d ___ (Ala. 1999), 1999 WL 301827, "[i]f a plaintiff seeks an interlocutory injunction in bad faith, the defendant can recover damages from the plaintiff in excess of the amount of the bond," the Alabama Court was describing a claim *ex delicto*. Tort claims for more than twenty dollars are tried to a jury if a jury trial is demanded. If Milan is inadvertently suggesting that this court treat the jury verdict as advisory only, this court does not follow its reasoning and sees no reason to ignore the Seventh Amendment. Under the circumstances this court is unwilling to believe that the Eleventh Circuit intended that this court, if it should elect, as it has done, to assume supplemental jurisdiction over the excess damages claim, to deny

Milan the trial by jury it sought. Having decided to exercise its supplemental jurisdiction, the court is bound to honor the prior jury verdict, that is, unless defendants' motions for judgment notwithstanding the verdict, or, in the alternative, for a new trial, previously denied under circumstances no longer appertaining, are now due to be granted; and they are not. As the Eleventh Circuit recognized, the "jury determined that: (1) the injunction had been wrongfully issued...; and (2) the injunctive relief had been obtained by Averitt **in bad faith** and Milan was entitled to total damages in the amount of $1,920,521.21." (emphasis supplied). The jury has spoken on the central factual issues.

There was a substantial evidentiary basis for the jury's answers to special interrogatories numbered 3 and 4, finding (1) that Averitt acquired its apparent intrastate operating authority "not in good faith;" (2) that as a result Milan sustained compensatory damages in the amount of $1,870,521.21; and (3) that its said damages are over and above the amount of the $50,000 covered by the bond. If this court were acting without a jury on the same evidence, it could not have done any better than the jury did, especially in light of the earlier finding of the Eleventh Circuit that the *I.C.C.* proceeding had been a "sham." This court sees no reason to try all over again issues of fact that were tried thoroughly to a jury, even though at that time this court

5

erroneously ruled that it lacked jurisdiction.

Based on the foregoing findings and conclusions, appropriate orders will be entered.

DONE this 31st day of May, 2000.

                                      WILLIAM M. ACKER, JR.
                                      UNITED STATES DISTRICT JUDGE